No. 5SC23-0011 _____

| | | |
|---|---|---|
| **BAYTOWN MEDICAL CENTER, LP**<br>*Plaintiff,* | §<br>§<br>§ | **IN THE JUSTICE COURT** |
| v. | §<br>§ | **JUSTICE OF THE PEACE**<br>**PRECINCT 5** |
| **UNITEDHEALTHCARE INSURANCE COMPANY**<br>*Defendant.* | §<br>§<br>§<br>§ | **HARDIN COUNTY, TEXAS** |

## PLAINTIFF'S ORIGINAL PETITION

Plaintiff **BAYTOWN MEDICAL CENTER, LP** ("Plaintiff") files this Original Petition against Defendant **UNITEDHEALTHCARE INSURANCE COMPANY** ("Defendant"). In support thereof, Plaintiff respectfully shows as follows:

### PLEADING LEVEL OF RELIEF

1. Pursuant to Tex. R. Civ. P. 47(c), Plaintiff pleads that it seeks monetary relief within the jurisdictional limits of this Court of $20,000 or less, excluding interest.

### PARTIES

2. Plaintiff BAYTOWN MEDICAL CENTER, LP ("Plaintiff" or "Altus") is a limited partnership duly organized pursuant to the laws of the state of Texas. Plaintiff operates a hospital outpatient emergency department which maintains its administrative billing office in Lumberton, Hardin County, Texas.

3. Defendant UNITEDHEALTHCARE INSURANCE COMPANY ("UHC" or "Defendant) is an insurance corporation doing business in Texas. UHC issues health insurance policies and administers health benefits plans for insureds throughout Texas. UHC may be served through its registered agent, CT Corporation System, at 350 North St. Paul Street, Dallas, Texas 75201.

### JURISDICTION AND VENUE

4. This Court has jurisdiction over the lawsuit because the amount in controversy is within this Court's jurisdictional requirements. Specifically, Plaintiff seeks monetary damages of less than $20,000, excluding interest.

EXHIBIT B1

5. Venue is proper in Hardin County, Texas pursuant to Section 15.002 and Section 15.094 of the Tex. Civ. Prac. Rem. Code because the Defendant is a private corporation, association, or joint-stock company and the acts and omissions giving rise to the claims occurred in Hardin County, Texas. Specifically, without limitation, Defendant's unreasonable claims denials and refusal to pay reasonable rates due Plaintiff pursuant to Texas law occurred in Hardin County, in Lumberton, Texas.

## FACTUAL BACKGROUND

6. Plaintiff maintains a hospital outpatient emergency department in the Baytown, Texas area. On or about XXXXX, 2021, Plaintiff provided emergency services to a patient identified herein for confidentiality purposes by a Texas Department of Insurance unique "IDR" number "386485" (hereinafter, "Patient"), who arrived at Plaintiff's emergency department complaining of symptoms and physical ailments constituting an emergency medical condition and requiring emergency treatment.

7. Upon presentment for emergency medical treatment, Patient provided Plaintiff with sufficient evidence of the Patient's participation and/or enrollment in an POS plan operated and/or administered by the Defendant.

8. Plaintiff was, at all times relevant to this action, performing services on behalf of the Patient as a non-network, emergency care provider.

9. Plaintiff immediately provided stabilization and treatment for the patient's emergency medical condition. A medical claim, a "clean claim" as defined by the Texas Insurance Code, in the amount of $13,811.91 was timely submitted to the Defendant for payment on or before August 26, 2021. Subsequently, Plaintiff received a Provider Remittance Advice ("PRA") reflecting: a processing date of September 20, 2021 containing a disputed amount of $12,047.42, and payment in the amount of $1,764.49.

10. After reviewing the PRA, Plaintiff determined that the payment from Defendant was insufficient with due regard paid to Texas Insurance Code §1271.155. Plaintiff thereafter appealed the claim on July 6, 2022 but the appeal failed to resolve the dispute. Thereafter, on or about September 12, 2022, Plaintiff submitted this dispute for mediation through the Texas Department of Insurance's ("TDI") on-line portal.

11. The parties were unable to resolve this dispute through an informal negotiation process, and a formal mediation of this dispute was held on January 10, 2023 (hereinafter "Mediation") in accordance

with Texas Insurance Code, Section 1467. The Mediation resulted in an impasse.

12.     The mediator's report relating to this Mediation was thereafter filed with the Texas Department of Insurance.

13.     In accordance with Texas Insurance Code, Sec. 1467.0575, Plaintiff, a party to the Mediation, now brings this civil action to determine and recover the amount due to Plaintiff.

## ACTION ON AMOUNT DUE PLAINTIFF

14.     Plaintiff incorporates and realleges paragraphs 1 through 13 as if fully set forth herein.

15.     Plaintiff would show that Defendant is required by statute to pay for emergency care performed by non-network physicians or providers at the usual and customary rate or at an agreed rate. Tex. Ins. Code, §1271.155.  Plaintiff timely submitted bills for the relevant emergency services to the Defendant in the amount of $13,811.91. Plaintiff will show that the usual and customary rate for the afore described services is $13,811.91, and that the said charge is fair, reasonable, and reflective of the usual and customary charges billed by other providers in Texas for the same services rendered.

Plaintiff herein asserts a statutory entitlement to receive compensation in an amount equal to its usual and customary rate.

16.     Defendant received Plaintiff's invoice for services rendered, and Defendant thereafter became statutorily bound and obligated to pay the usual and customary rate or an agreed rate for the services rendered on or before the 30th day following receipt of the same.

17.     To date, and without good cause, Defendant has failed to pay the full amount of Plaintiff's invoice containing its usual and customary rate for the emergency services here in issue.  Further the parties have not determined an agreed rate for the services rendered.

18.     Plaintiff brings the instant action to determine and recover that sum of money which remains owing by Defendant to Plaintiff as a result of the treatment rendered to Patient.

## CONDITIONS PRECEDENT

19.     All conditions precedent to this suit have been met and/or they have been waived by Defendant.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully prays for relief and final judgment as follows:

1. The determination of that sum of money due and owing to Plaintiff as a result of the treatment rendered by Plaintiff to Patient totaling no more than $20,000;
2. Pre-judgment and post-judgment interest as may be allowed by law;
3. Attorneys' fees as may be allowed by the law;
4. Costs of suit;
5. And all other relief to which Plaintiff may show itself to be entitled.

Respectfully submitted,
**THE BUTLER LAW FIRM, LLP**

*/s/ Stewart M. Butler*
**STEWART M. BUTLER**
TX Bar No. 24059005
P.O. Box 1737
Kountze, Texas, 77625
Tel: (409) 246-3600
Fax: (409) 246-4242
Stewart_Butler@hotmail.com

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Paige Butler on behalf of Stewart Butler
Bar No. 24059005
paigebutler11@gmail.com
Envelope ID: 72986326
Status as of 2/27/2023 8:44 AM CST

Associated Case Party: Baytown Medical Center, L.P.

| Name | BarNumber | Email | TimestampSubmitted | Status |
| --- | --- | --- | --- | --- |
| Stewart MButler | | stewart_butler@hotmail.com | 2/22/2023 10:14:20 AM | SENT |
| Paige Butler | | paigebutler11@gmail.com | 2/22/2023 10:14:20 AM | SENT |